UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

FILED
JAMES BONINI
CLERK

2011 AUG 26  P 1: 08

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

STEPHEN ZEHALA

    Plaintiff.

v.

AMERICAN EXPRESS, ET AL.

    Defendants.

Case No. 2:10 CV 0848

Judge: Watson
Magistrate: Kemp

### PLAINTIFF, STEPHEN ZEHALA'S, REPLY TO MOTION OF AMERICAN EXPRESS TO DISMISS

Plaintiff's Complaint contains detailed claims, with specific causes of action set off separately, and paragraphs numbered appropriately. Despite the clearness of the Complaint, Defendant responded with a confusing and distracting Motion by failing to specify which particular claims or causes of action it is requesting be dismissed. This makes it virtually impossible for Plaintiff to respond, or for this Court to rule upon the Motion.

For example, the Complaint contains numerous causes of action related to the Fair Debt Collection Practices Act, each set forth separately and clearly. However, Defendant has lumped them all together, making it nearly impossible for Plaintiff to determine which specific causes of action Defendant is seeking to have dismissed. Plaintiff is not an attorney, but was still drafted a clear and professional Complaint. Defendant(s) is a licensed, experienced attorney, certainly capable of drafting a clear and comprehensible Motion, but does not want to take the time to do so.

Defendant uses this same strategy with the claims based on violations of the Telephone Consumer Protection Act ("TCPA"). Plaintiff's Complaint contains numerous claims based on violations under the TCPA, and it is impossible to determine to which specific counts and paragraphs Defendant objects.

For example, a creditor is not exempt from the TCPA when calling a cell phone number. Specifically the TCPA (47 U.S.C. § 227(b)(1)(A)(iii) ) states:

> "It shall be unlawful for any person ... to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a paging service,

cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call"

Paragraphs 56 and 57 of Plaintiff's Complaint contain claims that Defendant called cell phones without express written permission, a direct violation of the TCPA.  There is no exclusion for an existing business relationship when a party is called on their cell phone. See *Leckler v. Cashcall, Inc.*, 554 F.Supp.2d 1025 (N.D. Cal., 2008)).  If Defendant prevailed in its Motion to Dismiss, it is unclear if the claims contained in these Paragraphs would be dismissed as well.  Plaintiff is entitled to know which specific claims Defendant seeks to have dismissed, in order to respond properly.  Defendant's cavalier attitude towards each and every aspect of this case, from discovery to pleadings, is both unprofessional and disrespectful to both this Court and Plaintiff.

Defendant's Motion is so poorly drafted as to be unreadable.  Defendant's counsel are experienced attorneys who should know how to draft a proper pleading, and should not be entitled to prevail on a pleading meant to distract and confuse.  Therefore, for the reasons set forth above, Plaintiff prays that Defendant's Motion to Dismiss be summarily rejected and denied.

                                        Respectively submitted,

                                  By:___/s/ Stephen Zehala_____8/26/11_____
                                  Stephen Zehala, pro se
                                  PO Box 9618 Columbus OH 43209
                                  Fax: 614-737-5304
                                  Email: zehala@gmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Motion was served upon the following parties via ordinary mail per addresses below this 26th day of August, 2011.

Suzana Kukovec-Krasnicki
Keith D. Weiner & Associates Co., LPA
75 Public Square, 4th Floor
Cleveland, Ohio 44113
Fax: (216) 771-6540

John P. Langenderfer
Surdyk Dowd & Turner Co. L.P.A.
One Prestige Place, Suite 1610
Miamisburg, Ohio 45342
Fax: (937) 222-1970

By:___/s/ Stephen Zehala_____
Stephen Zehala, pro se
PO Box 9618 Columbus OH 43209
Fax: 614-737-5304
Email: szehala@gmail.com