```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION



Stephen Zahala,                  :

         Plaintiff,              :

     v.                         :     Case No. 2:10-cv-848

American Express, et al.,       :     JUDGE MICHAEL H. WATSON
                                        Magistrate Judge Kemp
         Defendants.            :
```

<u>ORDER</u>

   Plaintiff Stephen Zahala filed a motion on August 12, 2011
to extend the discovery cutoff date.  The motion followed shortly
after a conference at which both defendants represented that,
with the possible exception of some older account statements
which defendant American Express was still searching for,
defendants had produced all of the documents which Mr. Zahala had
requested.  It should be noted that, at about the same time,
defendant GC provided some additional information to Mr. Zahala,
and that American Express had consistently resisted further
discovery on the grounds that it had a motion to dismiss pending.

   On September 26, 2011, the Court overruled the motion to
dismiss in part, leaving open Mr. Zahala's claim against American
Express for alleged violations of the Telephone Consumer
Protection Act.  It also vacated the default which had been
entered against Mr. Zahala on American Express' counterclaim.
Given these developments, it would appear that a short extension
of the discovery cutoff is reasonable, at least as it relates to
the claims which remain pending between Mr. Zahala and American
Express.

   The same cannot be said with respect to GC, however.  As GC

points out in its response to the motion for an extension of discovery, Mr. Zahala never suggested that there were deficiencies in its responses prior to the time that discovery closed.  Further, GC has a pending motion for summary judgment to which there has been no response.  Although Mr. Zahala has moved for an extension of the response date in order to do further discovery, his motion (#60) is clearly insufficient under Fed.R.Civ.P. 56(d), which reads in full:

> **(d) When Facts Are Unavailable to the Nonmovant**. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

The case law interpreting this rule and its predecessor, Rule 56(f), clearly holds that

> [a]lthough a party may invoke Rule 56(f) in response to a motion for summary judgment, the party supplying the affidavit must state why discovery  is necessary.  See Summers v. Leis, 368 F.3d 881, 887 (6th Cir. 2004). To fulfill Rule 56(f)'s requirements, plaintiff must "state with some precision the materials he hopes to obtain with further discovery, and exactly how he expects those materials would help him in opposing summary judgment."  Summers, 368 F.3d at 887 (internal quotations omitted) (district court erred in determining that additional discovery was required before ruling on motion for summary judgment based on qualified immunity in absence of proper affidavit).

Westerfield v. United States, 366 Fed.Appx. 614, 618 (6th Cir. February 24, 2010); see also Lenker v. National Service Industries, Inc., 2006 WL 783372 (S.D. Ohio March 23, 2006)(it is appropriate to deny a continuance of summary judgment proceedings for additional discovery if there is no showing that the

discovery is needed to respond to the motion).

Here, Mr. Zahala's motion is not accompanied by an affidavit or declaration, so it does not satisfy even minimally the requirements of Rule 56(d). Further, Mr. Zahala does not explain how additional discovery might be needed in order for him to respond to the motion for summary judgment. From the Court's review of the motion, other than legal arguments, it is based upon factual assertions that Mr. Zahala should be able to address without the need for discovery, such as whether GC placed telephone calls to any phone other than his residential phone, or whether it engaged in any collection activities after April 14, 2010, the date GC received his letter disputing the debt. Therefore, Mr. Zahala has shown neither the need for additional discovery from GC in order to respond to its summary judgment motion, nor any reason to extend the discovery period as to that defendant.

For all of these reasons, Plaintiff Stephen Zahala's motion for an extension of discovery (#56) is granted in part and denied in part. Any additional discovery involving the claims and counterclaims between him and American Express shall be completed by November 15, 2011. Dispositive motions as to those claims are due by December 15, 2011. No additional discovery shall be permitted between Mr. Zahala and defendant GC. His motion to stay a ruling on the summary judgment motion pending further discovery (#60) is denied. He shall respond to that motion within twenty-one days of the date of this order.

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to

-3-

objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge