UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Stephen Zehala,

    Plaintiff,

-v-                                       Case No. 2:10–cv–848

American Express, et al.,         Judge Michael H. Watson

    Defendant.

## OPINION AND ORDER

Plaintiff Stephen Zehala ("Plaintiff" or "Zehala") seeks damages for violations of various federal and state consumer protection statutes due to Defendants' alleged improper furnishing of information to major credit reporting agencies. Defendant GC Services, LP ("Defendant"or "GC") moves for summary judgment on Plaintiff's claims, ECF No. 49. For the reasons stated below, the Court grants in part and denies in part Defendant's motion.

### I. BACKGROUND

Zehala, who is proceeding *pro se*, resides in Franklin County, Ohio. Zehala states that he incurred debt for "personal, household, or family purposes." Compl. ¶ 15, ECF No. 2. In the letters attached to the Complaint, he acknowledges the account in "my name Stephen Zehala acct ending * ***********77002." Compl. Exs. 1–2, PAGEID # 33, 34, ECF No. 2-1.

Plaintiff alleges that prior to April 10, 2010, Plaintiff received calls from GC regarding a disputed account with Defendant American Express ("AmEx"). Plaintiff also

states that GC reported negative information into Plaintiff's credit report. On April 9, 2010, Plaintiff sent GC a letter informing GC that Plaintiff had never had prior contact with GC and asking that GC validate the debt regarding which GC had contacted Plaintiff. Compl. Ex. 6, ECF No. 2-1. Plaintiff alleges GC never responded in writing to his letter, did not investigate the account, and did not have the credit bureaus mark the account in dispute. Plaintiff states GC continued to make calls and send letters regarding the debt to Plaintiff and other people related to or associated with Plaintiff.

## II. STANDARD OF REVIEW

The standard governing summary judgment is set forth in Federal Rule of Civil Procedure 56(a), which provides: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The Court must grant summary judgment if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Van Gorder v. Grand Trunk Western R.R., Inc.*, 509 F.3d 265, 268 (6th Cir. 2007).

When reviewing a summary judgment motion, the Court must draw all reasonable inferences in favor of the nonmoving party, who must set forth specific facts showing there is a genuine issue of material fact for trial, and the Court must refrain from making credibility determinations or weighing the evidence. *Matsushita Elec. Indus. Co.*, 475 U.S. 574, 587 (1986); *Pittman v. Cuyahoga Cnty. Dept. of Children and Family Serv.*, 640 F.3d 716, 723 (6th Cir. 2011). The Court disregards all evidence

favorable to the moving party that the jury would not be required to believe. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000). Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 511 (6th Cir. 2009).

Thus, the central issue is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Pittman*, 640 F.3d at 723 (quoting *Anderson*, 477 U.S. at 251–52).

## III. DISCUSSION

Plaintiff asserts claims under the Fair Credit Reporting Act ("FCRA"),15 U.S.C. § 1681 *et seq.*; the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Revised Code Chapter 1345; the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227; and the Fair Debt Collections Practice Act ("FDCPA"), 15 U.S.C. § 1692–1692p. GC moves for summary judgment on all Plaintiff's claims against it.

Plaintiff has not presented a response to GC's motion because he had an inguinal hernia on October 8, 2011—two days after the Magistrate Judge denied his motion to stay a decision on this motion for summary judgment pending further discovery. *See* Order 3, ECF No. 69. On December 9, 2011, Plaintiff moved for an extension of time to respond to all open pleadings, including GC's motion for summary judgment, ECF No. 77. On December 27, 2011, Plaintiff again moved to stay a ruling on GC's motion for summary judgment until discovery was completed, ECF No. 82. On

April 3, 2012, the Court granted Plaintiff leave to respond to GC's motion for summary judgment by April 27, 2012, ECF No. 85. Plaintiff has failed to do so.

The Court notes that the certified mail containing the Court's April 3, 2012 Order was returned as undeliverable. The Court, however, then sent the Order regular mail to address on Plaintiff's most recent filing. It is the duty of plaintiffs, even pro se plaintiffs, to keep the Court aware of their current address. *Evans v. Metrish*, No. 06–cv–13660, 2008 WL 3200002, at *1 (E.D. Mich. Aug. 6, 2008). Since Plaintiff has failed to do so, the Court will not further delay deciding the merits of GC's motion.

## A. FCRA claims

In Counts 17, 18 and 19, Plaintiff asserts FCRA claims against GC for GC's alleged failure to mark the account in dispute, failure to conduct an investigation into the disputed account, and reporting inaccurate information to the credit bureaus. Defendant argues there is no private right of action for alleged violations of § 1681s-2(a), Plaintiff's allegations do not support a violation of § 1681s-2(b), and Plaintiff has no evidence that GC furnished Plaintiff's account to credit reporting agencies.

Plaintiff brings his FCRA claims against GC under 15 U.S.C. § 1681s-2(a).[1]

---

[1] The relevant sections of 15 U.S.C. § 1681s(a) state:

(a)(1)(A) A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.
(B) A person shall not furnish information relating to a consumer to any consumer reporting agency if - -
(i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and
(ii) the information is, in fact, inaccurate.
. . .

(3) If the completeness or accuracy of any information furnished by any person to

Although Plaintiff states that Count 18 is for a violation of 15 U.S.C. § 1681i, that section only imposes duties on a consumer reporting agency to investigate disputed reports. Since Plaintiff seeks to state a claim against GC—a furnisher of information, not a consumer reporting agency—the duties in § 1681s-2(a)(3) are the more appropriate grounds for Plaintiff's claim.

There is, however, no private right of action under subsection (a) of §1681s-2. *Bach v. First Union Nat. Bank*, 149 F. App'x 354, 358–59 (6th Cir. 2005) (citing *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 782–83 (W.D. Ky. 2003)). The statute itself explicitly states that the sections which allow civil liability for wilful and negligent noncompliance (15 U.S.C. §§ 1681n, 1681o) do not apply to subsection (a), except that the government may bring suits on behalf of consumers. 15 U.S.C. § 1681s-2(c).

There is a private right of action under 15 U.S.C. § 1681s(b). *Switzer v. Am. Express Centurion Bank*, 554 F. Supp. 2d 788, 794 (S.D. Ohio 2008). Subsection (b), however, addresses only a furnisher of information's duty to investigate once notified of a dispute by a *credit reporting agency*, not when notified by a consumer. 15 U.S.C. §

---

> any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.
>
> . . .
>
> (8) (E) After receiving notice of dispute from a consumer pursuant to subparagraph (D), the person that provided the information in dispute to a consumer reporting agency shall - -
>     (i) conduct an investigation with respect to the disputed information
>     (ii) review all relevant information provided by the consumer with the notice
>     (iii) complete such person's investigation of the dispute and report the results of the investigation to the consumer . . .
>     (iv) if the investigation finds that the information reported was inaccurate, promptly notify each consumer reporting agency to which the person furnished the inaccurate information of that determination . . .

15 U.S.C. § 1681s-2(a).

1681s(b); *Downs v. Clayton Homes, Inc.*, 88 F. App'x 851, 853 (6th Cir. 2004). Plaintiff alleges only that he notified GC there was a dispute over the account, not that a consumer reporting agency notified GC of a dispute.

Accordingly, Plaintiff fails to state a claim under the FCRA, and the Court grants GC summary judgment on Counts 17, 18 and 19.

## B. TCPA Claim

In Count 21, Plaintiff alleges violations of the TCPA because GC used automatic dialing systems and/or artificial or prerecorded voice message dialers to call him.[2] Plaintiff alleges calls to his home and cell phone. Compl. ¶¶ 100–02, ECF No. 2. GC argues that the TCPA is inapplicable to debt collection calls made to a residential line but does not address calls made to Plaintiff's cell phone.

The TCPA, enacted to address certain telemarketing practices that Congress found to be an invasion of consumer privacy, regulates the use of automated telephone equipment. 47 U.S.C. § 227, *et seq*. Plaintiff's Count 21 falls under § 227(b)(1) of the TCPA, which provides in pertinent part:

> (1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> > (A) to make any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice—
> >
> > > (iii) to any telephone number assigned to a paging service, *cellular telephone service*, . . . [or]

---

[2] Although the TCPA is a federal statute, it creates only a state private right of action. 47 U.S.C. § 227(b)(3); *Bridge v. Ocwen Fed. Bank*, 669 F. Supp. 2d 853, 859 (N.D. Ohio 2009). The Court has diversity jurisdiction over this claim.

> (B) to initiate any telephone call to any *residential telephone line* using an artificial or prerecorded voice to deliver a message without prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B)[.]

47 U.S.C. § 227(b)(1) (emphasis added).

As the Court recognized in a previous Order in this case, ECF No. 67, the Federal Communications Commission ("FCC") adopted regulations pursuant to § 227(b)(2)(B), which include two exemptions relevant to Plaintiff's TCPA claims.

First, § 227(b)(1)(B) imposes no liability for a prerecorded call if it "[i]s made for a commercial purpose but does not include or introduce an unsolicited advertisement or constitute telephone solicitation." 47 C.F.R. § 64.1200(a)(2)(iii).

Second, § 227(b)(1)(B) imposes no liability for a prerecorded call if it "[i]s made to any person with whom the caller has an established business relationship at the time the call is made." 47 C.F.R. § 64.1200(a)(2)(iv). *See, e.g., Meadows v. Franklin Collection Serv., Inc.*, Case No. 10-13474, 414 F. App'x 230, 235 (11th Cir. Feb. 11, 2011) (quoting 47 C.F.R. 64.1200(a)(2)(iv)).

"The FCC has made clear that these two exemptions 'apply where a third party places a debt collection call on behalf of the company holding the debt' and that 'all debt collection circumstances involve a prior or existing business relationship.'" *Id.* (citing *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 FCC Rcd. 8752, 8771–72, ¶ 36 (1992)); *see also Pugliese v. Prof'l Recovery Serv., Inc.*, No. 09-12262, 2010 WL 2632562, at *7 (E.D. Mich. June 29, 2010). Plaintiff specifically alleges that the calls were related to a debt. Therefore, both exceptions apply to the conduct alleged in Zehala's complaint regarding phone

calls to his residential line, and the Court grants GC summary judgment on Plaintiff's TCPA claim to the extent it seeks damages for calls to his residential line.

Also, as noted in its previous Order, ECF No. 67, the Court is aware of no precedential authority demonstrating that the exemption for an established business relationship in § 227(b)(1)(B) applies to claims brought under § 227(b)(1)(A) regarding calls to cell phones. Rather, the exemption appears to qualify the language of only § 227(b)(1)(B) regarding residential lines. Persuasive authority from other circuits suggests that the exemption for an established business relationship in section 227(b)(1)(B) does not apply to claims brought under § 227(b)(1)(A). *See, e.g., Bentley v. Bank of America, N.A.*, 773 F. Supp. 2d 1367, 1374 (S.D. Fla. 2011).

Therefore, to state a claim under the TCPA for calls made to a cellular phone, a plaintiff must establish that: (1) a call was made to a cell or wireless phone, (2) by the use of any automatic dialing system or an artificial or prerecorded voice, and (3) without prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A); *see generally Pugliese*, 2010 WL 2632562. Defendant bears the burden of establishing prior consent. *See Pollock v. Bay Area Credit Serv.*, LLC, No. 08-61101-Civ., 2009 WL 2475167, at *9–10 (S.D. Fla. Aug. 13, 2009). Here, GC requests summary judgment only on calls to residential phone lines, has not disputed that calls were made to Plaintiff's cell phone, and has presented no evidence of Plaintiff's prior consent to call his cell phone. Accordingly, Plaintiff's TCPA claim remains pending to the extent it involves calls to his cell phone.

## C. OCSPA and FDCPA Claims

In Count 20, Plaintiff alleges violations of the OCSPA, specifically, Ohio Revised Code § 1345.05. In Counts 22 through 32, Plaintiff alleges violations under the FDCPA. GC argues the OCSPA and the FDCPA do not apply to Plaintiff's debt because it is a commercial, rather than a personal, debt.

The OCSPA outlaws "unfair or deceptive act[s] or practice[s] in connection with a consumer transaction." Ohio Rev. Code § 1345.02(A). Consumer transaction is defined as:

> a sale lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things. . . .

Ohio Revised Code § 1345.01(A).

The FDCPA also regulates the communication between debt collectors and consumers. Under the the FDCPA debt is defined as:

> any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5). Therefore, for either statute to apply, the debt must be a personal, rather than a business, debt.

GC presents an affidavit which states that the debt referred to GC was on Plaintiff's Business Platinum Credit Card and avers Plaintiff has no evidence that the expenses were primarily personal, family, or household. Plaintiff has not responded to the motion, and although he pleaded that the debt was personal, he has not previously

pointed to any evidence that the debt was personal. Based on the information before the Court, there is no genuine issue of material fact as to the nature of the debt in question and the Court grants Defendant summary judgment on Plaintiff's OCSPA and FDCPA claims.

## V. DISPOSITION

For the above stated reasons, the Court **GRANTS** GC summary judgment on Plaintiff's FCRA claims (Counts 17, 18 and 19) and Plaintiff's FDCPA and OCSPA claims (Counts 20, 22–32). The Court **GRANTS IN PART** GC summary judgment Plaintiff's TCPA claim (Count 21), but the claim is still pending to the extent it seeks damages for calls to Plaintiff's cell phone.

**IT IS SO ORDERED.**

_/s/ Michael H. Watson_
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**